GRANT *v.* DURGIN.

Where a declaration for breach of promise of marriage alleged that the defendant, on, &c., promised to marry the plaintiff on request, and that the plaintiff afterwards on the 20th day of November, 1849, requested the defendant to marry her, and the summons merely required the defendant to appear, &c., and answer in a plea of the case on contract for breach of marriage promise with the plaintiff, when she was sole and unmarried in the year 1849: *Held*, that the summons did not give to the defendant the same information which the declaration gave more at large, nor contain the substance thereof, and that this was sufficient cause to abate the writ.

ASSUMPSIT. The declaration contained three special counts for breach of promise to marry. The defendant pleaded in abatement that the summons did not briefly give to the defendant the same information which the declaration gave more at large, nor contain the substance thereof, "in that the declaration contains three counts, while the said summons contains only one count;" and also, in another particular, which sufficiently appears from the opinion of the court. The plaintiff demurred to this plea.

*Ormsby*, for plaintiff.

*Fling & Hibbard*, for defendant.

BARTLETT, J. It is unnecessary to decide whether the mere fact that the "summons contains only one count," while the declaration contains several, would of itself be sufficient reason for the abatement of the writ, for here a substantial part of the first count of the declaration is omitted in the summons. That count alleges that the defendant, on, &c., promised to marry the plaintiff upon request, and that she requested him thereafterwards on the 20th of November, 1849, to marry her, &c., and the summons, which merely requires the defendant to appear, &c., and answer, &c., in a plea of the case on contract, for breach of marriage promise with the plaintiff when she was sole and unmarried in the year 1849, by no means gives to the defendant the same information which the declaration gives more at large, nor contains the substance of it. The case, therefore, differs from *Adams* v. *Wiggin*, 42 N. H. 554, where the variance between the writ and the summons was in a particular held to be mere matter of form. *Pitman* v. *Perkins*, 28 N. H. 94; *Smith* v. *Butler*, 25 N. H. 523; *Rogers* v. *Farnham*, 25 N. H. 512. Upon the demurrer, therefore, there must be

*Judgment for the defendant that the writ abate.*